IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| JORGE LUIS MURIENTE-VEGA, | ) |
| Plaintiff, | ) Civil Action No. 3: 22-cv-0033 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| L. T. PANCOAST, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is the "Motion for Next Friend Appearance, filed by Plaintiff, Jorge Luis Muriente-Vega "and through his undersigned, 'NEXT OF FRIEND' Mr. Earnest Scott, Jr." (ECF No. 51). Defendants have filed a response in opposition (ECF No. 56), to which Plaintiff, again through "his Temporary undersigned Next of Friend Counsel, Earnest Scott, Jr.," filed a Reply. (ECF No. 61). For the reasons discussed below, the Court finds that Mr. Scott lacks standing to litigate as next friend of Plaintiff and will deny the motion.

The purpose of the next-friend procedure is to afford access to the courts to a "real party in interest [who] is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990); *see also In re Zettlemoyer*, 53 F.3d 24, 27 (3d Cir. 1995), as amended (May 2, 1995) (per curiam). "Next-friend standing is proper where the next-friend applicant has a significant relationship with the real party in interest, and the next-friend applicant is 'truly dedicated to the best interests of the person on whose behalf he seeks to litigate'." *Banks as next friend of Waymer v. Eddy*, 501 F. App'x 50, 51 (3d Cir. 2020) (quoting *Whitmore*, 495 U.S. at 163-64)). "The standard to be appointed next friend is the same whether the proposed next friend seeks relief through a petition

for writ of habeas corpus or under 42 U.S.C. § 1983." *Ross ex rel. Dunham v. Lantz*, No. Civ. A. 305CV758CFD, 2005 WL 1124704, *1 (D. Conn. May 12, 2005). It is the proposed next friend's burden "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 496 U.S. at 164.[1]

Here, the motion indicates that Mr. Scott is an experienced "Jail house attorney" and that "Plaintiff has several mental health diagnosis that restricts his ability to learn and focus. . . ." Mot. at p. 1. However neither Plaintiff nor Mr. Scott has submitted any verifiable evidence of incompetence to this Court, such as evidence from an appropriate court of record or a relevant public agency indicating that Plaintiff has been adjudicated incompetent or from a mental health professional demonstrating that Plaintiff is being or has been treated for mental illness of the type that would render him legally incompetent.[2] *See Powell v. Symons*, 680 F.3d 301 (3d Cir. 2012). It is Mr. Scott's burden to present evidence showing that Plaintiff is mentally incompetent or otherwise incapable of bringing this suit. Absent that showing, Plaintiff is presumptively competent and this Court lacks a sufficient basis to appoint a next friend to litigate in his name.

Moreover, as a layperson, Mr. Scott cannot present other parties. "A non-attorney cannot

---

[1] The Court does not doubt the sincerity of Mr. Scott's representation that he is acting in what he perceives to be Plaintiff's best interests. However, it is the first *Whitmore* requirement that is dispositive in this case (unable to litigate own cause due to mental capacity), and it is that test to which the Court directs its analysis.

[2] This Court earlier made a similar ruling in denying without prejudice Plaintiff's two motions for appointment of counsel. In those Orders, as in this one, the Court found insufficient basis to grant the motions for appointment of counsel due to Plaintiff's "mental health." The Court informed Plaintiff that without the submission of any verifiable evidence of incompetence to this Court, the Court had no duty to conduct a sua sponte determination of competency under Federal Rule of Civil Procedure 17(c)(2). *See* Order, 07/08/2022 (ECF No. 29) and Text Order, 08/31/2022 (ECF No. 36).

represent another party, even if acting as a next friend." *Banks*, 801 F. App'x at *1 (citations omitted).  *See also L.L. v. Vineland Bd. of Educ.*, 128 F. App'x 916, 919 (3d Cir. 2005) (a non-lawyer's preparation of filings in a federal case may constitute an unauthorized practice of law); *Alston v. Admin. Offices of Delaware Courts*, 178 F. Supp. 3d 222, 227 (D. Del.) (non-lawyer signing a certificate of service on behalf of a party may be considered unauthorized practice of law), *aff*'d, 663 F. App'x 105 (3d Cir. 2016). *See also Yoder v. Good Will Steam Fire Engine Co. No. 1*, 740 F. App'x 27, 28 (3d Cir. 2018) ("an individual proceeding pro se may not represent third parties in federal court, and a power of attorney is insufficient by itself to allow a non-lawyer to litigate on behalf of another."). Plaintiff is cautioned that he shall prepare all documents for filing in this Court himself and no third party is authorized to draft filings on his behalf for his signature.

For the foregoing reasons, Plaintiff's motion for appointment of next friend will be denied.   An appropriate Order follows.

### ORDER OF COURT

**AND NOW**, this 24th day of January, 2023, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Next Friend (ECF No. 51) is **DENIED.**

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:    JORGE LUIS MURIENTE-VEGA
NQ2670
SCI HOUTZDALE
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000
(via U.S. First Class Mail)

Scott A. Bradley
Office of the Attorney General
(via ECF electronic notification)