IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| JORGE LUIS MURIENTE-VEGA,        ) | |
|                                  ) | Civil Action No. 3: 22-cv-0033 |
|    Plaintiff,                    ) | |
|                                  ) | United States District Judge |
|    v.                            ) | Kim R. Gibson |
|                                  ) | |
| LT. PANCOAST, SGT. RIDDLE, C.O   ) | United States Magistrate Judge |
| PEACOCK, C.O. JONES, C.O. V.     ) | Cynthia Reed Eddy |
| JACOB, C.O. B. BICKFORD, C.O.    ) | |
| MUNSHOWER, GEORGE LITTLE,        ) | |
| PENNSYLVANIA DEPT OF             ) | |
| CORRECTION, C.O. T. GRITTON, and ) | |
| C.O. VROMAN,                     ) | |
|                                  ) | |
|    Defendants.                   ) | |

**REPORT AND RECOMMENDATION RE: MOTION TO DISMISS (ECF NO. 22)**

**I.     RECOMMENDATION**

Before the Court is the Motion to Dismiss filed by the Corrections Defendants. The motion has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil procedure 72(b). For the reasons that follow, it is respectfully recommended that the motion be granted in part and denied in part.

**II.    REPORT**

   A.     <u>Procedural and Factual Background</u>[1]

Plaintiff, Jorge Luis Muriente-Vega, is a Pennsylvania state prisoner in the custody of the Pennsylvania Department of Corrections. At all relevant times, Muriente-Vega has been housed at the State Correctional Institution at Houtzdale. Muriente-Vega initiated this case on March 3,

---

[1]  The facts alleged in the Complaint are accepted as true, and all reasonable inferences are drawn in favor of Plaintiff. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).

2022, by the filing of a Motion for Leave to Proceed in forma pauperis ("IFP Motion"). Attached to the IFP motion was a civil rights complaint. (ECF 1). After the Court received the necessary financial documents from Muriente-Vega, the IFP motion was granted and the Complaint docketed at ECF No. 14.

Muriente-Vega brings this lawsuit pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Named as defendants are the Pennsylvania Department of Corrections; George Little, former Acting Secretary of the Pennsylvania Department Corrections;[2] and nine corrections officers who were employed at SCI-Houtzdale during the relevant time period: Lt. Pancoast, Sgt. Riddle, C.O. Peacock, C.O. Jones, C.O. V. Jacob, C.O. B. Bickford, C.O. Munshower, C.O. T. Gritton, and C.O. Vroman (collectively referred to as the "Corrections Defendants"). Through his Complaint, Muriente-Vega contends that on January 20, 2022, he was subjected to excessive force by the named corrections officers and was denied mental health treatment.

The Corrections Defendants filed the instant motion to dismiss arguing that Muriente-Vega failed to exhaust his administrative remedies as required by the Prison Litigation Reform ("PLRA") and, as a result, is barred from pursuing his claims. In the alternative, the Corrections Defendants argue Muriente-Vega has failed to state a claim under the ADA. Because the Corrections Defendants presented material outside the Complaint in support of their motion, the undersigned converted the motion to dismiss into a motion for summary judgment <u>only</u> on the issue of exhaustion, and allowed the parties time to submit additional briefing and evidence. The parties were informed that the remainder of the motion to dismiss would be decided under the

---

[2]   Dr. Laurel R. Henry was named Acting Secretary of the Pennsylvania Department of Corrections by Governor Josh Shapiro in January 2023. *See* PA Department of Corrections website, www.cor.pa.gov/Pages/Secretary%20of%20Corrections.aspx.

standards for deciding motions to dismiss. The issues now have been fully briefed (ECF 23, 41, 42, 43, and 50) and the factual record as to exhaustion has been fully developed. The motion is ripe for disposition.

      B.    <u>Standard of Review</u>

           1.    *Motion to Dismiss*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 566 U.S.921(2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court

"should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).

Additionally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dlunos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. Although this Court must accept the allegations in the Complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

    2.    *Motion for Summary Judgment*

The standard for assessing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is well-settled. Summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'affect[s] the outcome of the suit under the governing law'." *Bland v. City of Newark*, 900 F.3d 77, 83 (3d Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, the Court's function is not to weigh the evidence, to determine the truth of the matter, or to evaluate credibility. *See Montone v. City of Jersey City*, 709 F.3d 181 (3d Cir. 2013).

Rather, "[i]n determining whether a genuine dispute of material fact exists, [the Court] view[s] the underlying facts and draw[s] all reasonable inferences in favor of the party opposing the motion." *Bland*, 900 F.3d at 83 (citing *Dougherty v. School Dist. of Phila.*, 772 F.3d 979, 986 (3d Cir. 2014)).

With these standards in mind, the Court now turns to the Corrections Defendants' motion to dismiss / motion for summary judgment.

C.  Discussion

  1.  *The Administrative Exhaustion Requirement*

The DOC Inmate Handbook provides inmates with information about how to raise and resolve problems through various channels. *See* Declaration of Michael Bell, at ¶ 2. (ECF 23-3). The Corrections Defendants argument is that Muriente-Vega's claims should be dismissed in their entirety as he has failed to fully exhaust his administrative remedies under DC-ADM 804. A grievance filed under DC-ADM 804 must be filed within 15 working days of the events alleged in the grievance. Grievances that are filed late are rejected as untimely. *Id*. at ¶ 4.

Here, Muriente-Vega filed his grievance on February 28, 2022, more than 15 working days after the alleged use of force and denial of access to mental health treatment. The grievance was denied for being late and Muriente-Vega did not appeal that denial. Thus, according to the Corrections Defendants, all claims in this lawsuit are barred under the PLRA for failure to exhaust available administrative remedies.[3]

---

[3]  The Prison Litigation Reform Act, 42 U.S.C. 1997e(a), requires that a prisoner exhaust administrative remedies before filing an action challenging prison conditions or experiences. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner, confined in any jail, prison or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a).

In response, Muriente-Vega argues that his Eighth Amendment claims did not have to go through the grievance process of DC-ADM 804 because under DC-ADM 001 there are three ways in which to report abuse: "(1) report it verbally or in writing to any staff member; (2) file a grievance in accordance with [the Grievance Policy]; or (3) report it in writing to the Department's Office of Professional Responsibility (OPR)." Resp. at ¶ 5(A).[4]

Under the PLRA, prisoners must exhaust all "available" remedies; however, they are not required to exhaust remedies that are not available to them. *Ross v. Blake*, 578 U.S. 632, 635 (2016). In his grievance, Muriente-Vega clearly states that "he tried filing allegation of abuse for 2-1/2 weeks after the incident, but all L.T.'s kept telling me was 'yeah okay', but never let me file the "allegations of abuse." The undersigned finds that the record is sufficient to find that the administrative process was unavailable to Muriente-Vega and, as a result, his failure to properly exhaust should be excused. For these reasons, it is recommended that the Motion for Summary Judgment relative to exhaustion of administrative remedies as to Muriente-Vega's excessive force claim be denied.

In the alternative, it is recommended that the motion for summary judgment be denied because the Corrections Defendants have not established that Muriente-Vega failed to exhaust his administrative remedies pursuant to DC-ADM 001. Reports of the use of excessive force / allegations of abuse are the subject of DC-ADM 001. And unlike DC-ADM 804,

> DC-ADM 001 lacks the strict filing provisions of DC-ADM 804, including the time for filing—DC-ADM 001 has no time limit for reporting abuse. The policy provides multiple ways for inmates to report abuse: he can report it verbally or in writing to any staff member, file a DC-ADM 804 grievance, or report it in writing to the Department's Office of Special Investigations and Intelligence (OSII). (DC-ADM 001 at 1-1.) A facility employee who receives a written or verbal notification of an incident of abuse must report it to the Security Office and a

---

[4] The undersigned addresses separately Muriente-Vega's response regarding exhaustion and his ADA claim.

> Central Office employee who receives such notification must report it to OSII. (DC-ADM 001 at 1-2.)
>
> In all cases, an investigation ensues and is conducted either by the Security Office or OSII. (Id.) DC-ADM 001 includes detailed provisions as to the timing, content and review of investigations. (DC-ADM 001 at 1-2 through 1-5.) It also provides the manner in which the inmate is to be notified of the results of the investigation: if the Security Office conducted the investigation, it is tasked with doing so and, if OSII conducted the investigation, OSII informs the inmate by letter.

*Pirl v. Ringling*, No. Civ. A. 19-208J, 2021 WL 1964461, at *7 (W.D.Pa. Mar. 29, 2021) (quoting *Moore v. Lamas*, Civ. A. No. 3: 12-cv-223, 2017 WL 4180378, at *3 (M.D.Pa. Sept. 21, 2017) (internal footnote omitted), *report and recommendation adopted*, 2021 WL 498453 (W.D.Pa. Sept. 15, 2021).

The alleged conduct of the corrections officers clearly satisfies the definition of "abuse" under DC-ADM 001. Additionally, the record demonstrates that DOC officials processed Muriente-Vega's grievance as a complaint regarding abuse or injury under DC-ADM 001. *See* Rejection Form by the Facility Grievance Coordinator ("**Regarding Policy DC-ADM 001**: This grievance is being forwarded to the Security Office for investigation in accordance with Department policy **DC-ADM 001**.") (ECF 23-2 at p. 2) (emphasis added) and 2/24/2022 Memorandum from Barry R. Smith, Superintendent, to Jorge Muriente Vega ("[T]he Bureau of Investigations and Intelligence has reviewed the investigation conducted by the Security Office at SCI-Houtzdale and concurs with its findings. Therefore, the allegations of abuse filed against SL5HU Escorting Staff were determined to be unfounded. No further action will be taken.") (ECF No. 41-1 at p. 3). For these reasons, the undersigned finds that DC-ADM 001 applies to Muriente-Vega's allegations of excessive force / abuse.

The United States Court of Appeals for the Third Circuit "has not considered whether a Pennsylvania prisoner can exhaust his administrative remedies through DC-ADM 001, nor what

7

steps would be necessary under that procedure." *Victor v. Lawler*, 565 F. App'x 126, 129 (3d Cir. 2014). "However, many District Courts in Pennsylvania have found that allegations of abuse do not have to be filed through all levels of the DC-ADM 804 system if the inmate reports abuse through DC-ADM 001. In most instances, the District Courts assumed DC-ADM 001 to be an alternative to DC-ADM 804." *Pirl*, 2021 WL 1964461, at *11 (collecting cases).

The undersigned finds these cases persuasive as applied to Muriente-Vega's report of his assault and finds that DC-ADM 001 provides an alternative means for Muriente-Vega to exhaust his claim based on the assault at issue. Unlike DC-ADM 804, DC-ADM 001 has no time limit for reporting abuse, and the policy expressly provides a prisoner with three alternative avenues to notify the DOC of an assault. The record reflects that Muriente-Vega complied with these reporting requirements. For all these reasons, it is recommended that the motion for summary judgment based on failure to exhaust the excessive force claim be denied.[5]

Next, the undersigned addresses Muriente-Vega's claim that he was denied mental health treatment in violation of the ADA.

    2.    *The ADA Title II Claim*

Based on the current record, it appears Muriente-Vega filed only one grievance about the incidents which occurred on January 20, 2022, that being Grievance 969651. (ECF No. 23-2 at pp. 3 – 4). The Court, however, need not resolve the PLRA exhaustion argument as to the ADA claim because, as the Corrections Defendants have correctly argued in the alternative, it is clear that Muriente-Vega has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) as to this claim. Title II of the ADA states, "[N]o qualified individual with a disability, shall, by <u>reason of such disability</u>, be excluded from participation in or be denied the benefits of the

---

[5]     In support of their motion to dismiss the excessive force claim, the Corrections Defendants focused solely on the failure to exhaust argument.

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. (emphasis added). Title II applies to the state prisons. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998).

The Complaint states that Muriente-Vega was denied mental health treatment because a member of the psychological staff refused to treat him. Nothing in the factual allegations of the Complaint indicate that Muriente-Vega was denied treatment "by reason of" of his disability. "An inmate's failure to allege facts showing that the exclusion or denial of benefits was "by reason of his disability" warrants dismissal upon a defendant's Rule 12(b)(6)." *Desalis v. Pennsylvania Dept. of Corrections*, No. 12-611, 2013 WL 2458346, *2 (E.D.Pa. June 6, 2013) (citing *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012)).

But even assuming that such an allegation had been made in the Complaint, delays in and denials of medical care in the prison setting do not give rise to ADA violations. *See Iseley v. Beard*, 200 F. App'x 137, 142 (3d Cir. 2006); *Cornish v. City of Philadelphia*, No. 14-6920, 2015 WL 3387072 (E.D.Pa. May 26, 2015); *Moore v. Johnson*, No. 13-1405, 2015 WL 1185995, at *7 (W.D.Pa. Mar. 13, 2015); *Thomas v. Pennsylvania Department of Corrections*, 615 F. Supp.2d 411, 426 (W.D.Pa. 2009).

For all these reasons, it is recommended that Muriente-Vega's ADA claim be dismissed and leave to amend be denied as futile.

### III. CONCLUSION

For all these reasons, it is respectfully recommended that the Motion to Dismiss / Motion for Summary Judgment filed by the Corrections Defendants be granted in part and denied in part. Specifically, it is recommended that summary judgment be denied on Muriente-Vega's excessive force claim and this claim be allowed to proceed. It is further recommended, however, that the

motion to dismiss be granted on Muriente-Vega's ADA claim, with leave to amend being denied as futile.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Muriente-Vega, because he is a non-electronically registered party, must file objections, if any, to this Report and Recommendation by **March 10, 2023**, and the Corrections Defendants, because they are electronically registered parties, must file objections, if any, by **March 7, 2023.** The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.3d 113, 116 (3d Cir. 1983). *See also EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

Dated: February 17, 2023

                                                    s/ Cynthia Reed Eddy
                                                    Cynthia Reed Eddy
                                                    United States Magistrate Judge

cc:    JORGE LUIS MURIENTE-VEGA
        NQ2670
        SCI HOUTZDALE
        P.O. Box 1000
        209 Institution Drive
        Houtzdale, PA 16698-1000
        (via U.S. First Class Mail)

        Scott A. Bradley
        Office of the Attorney General
        (via ECF electronic notification)