# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORGE LUIS MURIENTE-VEGA,** | ) | **Case No. 3:22-cv-33** |
| | ) | |
| Plaintiff, | ) | **JUDGE KIM R. GIBSON** |
| | ) | |
| v. | ) | |
| | ) | |
| **LT. PANCOAST, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

This matter is before Magistrate Judge Cynthia Reed Eddy for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

On March 16, 2022, Plaintiff Jorge Luis Muriente-Vega ("Plaintiff") filed a complaint asserting claims under the Eighth Amendment of the United States Constitution and the Americans with Disabilities Act ("ADA") against Lieutenant Pancoast, Sergeant Riddle, Corrections Officers Jones, Jacob, Bickford, Munshower, Gritton, Vroman and Little, and the Pennsylvania Department of Corrections (collectively, "Defendants"). (ECF No. 14). Plaintiff alleges that Defendants used excessive force on him when his "psychosis was being triggered," causing him to suffer from "suicidal ideations." (*Id.* ¶¶ 23–39).

On June 17, 2022, Defendants moved to dismiss the complaint in its entirety. (ECF No. 22). They argue that both the Eighth Amendment and ADA claims are barred by the Prison Reform Litigation Act ("PRLA") because Plaintiff untimely grieved these claims and did not exhaust his administrative remedies by appealing the initial denial of his grievance. (*Id.* at 2).

On February 17, 2023, Magistrate Judge Eddy filed a Report & Recommendation ("R&R") recommending that Defendants' Motion to Dismiss be granted in part and denied in part. (ECF No. 67). The Magistrate Judge recommended against dismissal of the Eighth Amendment claim and for dismissal of the ADA claim. (*Id.* at 8). Regarding the latter, she explained that "[n]othing in the factual allegations of the Complaint indicate that [Plaintiff] was denied treatment 'by reason of' . . . his disability[,]" which is cause for dismissal under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 9) (quoting *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d. Cir. 2015)). She further explained that leave to amend this claim would be futile because, as a general matter, denial of medical care in the prison context cannot support an ADA claim. (*Id.*) (citing *Iseley v. Beard*, 200 F. App'x 137, 142 (3d Cir. 2006)).

Additionally, Magistrate Judge Eddy notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he would have until March 10, 2023, to file written objections to the R&R. (ECF No. 67 at 10). On February 27, 2023, Plaintiff filed timely objections. (ECF No. 69). The Court has reviewed these objections and finds them meritless.

Upon de novo review of the record, Magistrate Judge Eddy's R&R at ECF No. 67, and Plaintiff's objections to the R&R at ECF No. 69, the following order is entered.

**AND NOW**, this ___11th___ day of May, 2023, it is **HEREBY ORDERED** that Magistrate Judge Eddy's R&R at ECF No. 67 is **ADOPTED** as the opinion of the Court for its reasoning and conclusion.[1]

---

[1] The issue of administrative remedy exhaustion under DC-ADM 804 and DC-ADM 001 is currently on review with the United States Court of Appeals for the Third Circuit. Nevertheless, based on existing precedent, the Court agrees with Magistrate Judge Eddy's treatment of this issue. "[W]hen prison officials 'thwart[] [a prisoner's] efforts to exhaust his administrative remedies,' they render them 'unavailable.'"

IT IS FURTHER ORDERED that Defendants' motion to dismiss at ECF No. 22 is **GRANTED IN PART** and **DENIED IN PART**. Specifically, it is granted as to the ADA claim and denied as to the Eighth Amendment claim.

IT IS FURTHER ORDERED that Plaintiff's ADA claim is **DISMISSED WITH PREJUDICE.**

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

---

*Robinson v. Superintendent Rockview SCI,* 831 F.3d 148, 153 (3d Cir. 2016) (quoting *Brown v. Croak,* 312 F.3d 109, 113 (3d Cir. 2002)). Here, Magistrate Judge Eddy concluded that the "administrative process was unavailable to [Plaintiff] and, as a result, his failure to properly exhaust should be excused." (ECF No. 67 at 6) (citing *Ross v. Blake,* 578 U.S. 632, 636 (2016)). The Court agrees (without deciding) that the administrative process was "unavailable" to Plaintiff under DC-ADM 804, and that Plaintiff's failure to complete this process was excusable.